**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Taylor, on behalf of himself and other persons similarly situated, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Autozone, Inc. et al., <br><br> Defendants. | No. CV-10-8125-PCT-FJM <br><br> **ORDER** |

We have before us plaintiffs' motion for conditional class certification (doc. 28), defendant's response (doc. 37), and plaintiffs' reply (doc. 40). We also have plaintiffs' unopposed motion for judicial notice (doc. 33).

Plaintiffs Michael L. Taylor, Dilawar Khan, Volena Glover-Hale, and Manuel Montoya are current or former AutoZone store managers. Defendant Autozone is a retailer and distributor of automotive parts and accessories, and operates 4,600 stores in the United States, Puerto Rico, and Mexico.[1] Plaintiffs challenge their exempt status under the Fair Labor Standards Act ("FLSA"). The FLSA exempts from its minimum wage and maximum hour requirements "any employee employed in a bona fide executive, administrative, or

---

[1] Named defendants are AutoZone Incorporated, a Tennessee corporation, Autozone Incorporated, a Nevada corporation, and AutoZoners LLC, the entity that employs all "Autozoners." See Response at 5 n.2. Defendants are collectively referred to as "Autozone" or "defendant."

professional capacity." See 29 U.S.C. § 213(a)(1); see also 29 C.F.R. § 541.100(a) (defining "employee employed in a bona fide executive capacity"); 29 C.F.R. § 541.200(a) (defining "employee employed in a bona fide administrative capacity"). Plaintiffs allege defendant improperly classifies all store managers (except those in California) as exempt from the FLSA's overtime pay requirements. Motion to Certify at 7.

**I**

**A**

Plaintiffs move for conditional certification of a class of all "AutoZone store managers employed anywhere in the United States except California between July 16, 2007 and July 16, 2010." Section 216(b) of the FLSA allows employees to bring an action on behalf of themselves and similarly situated employees against their employer to recover wages owed. See 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in either of the preceding sentences may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."); see also Hoffman-La Roche v. Sperling, 493 U.S. 165, 170, 110 S.Ct. 482, 486 (1989) (collective actions allow plaintiffs to pool resources and benefit the judicial system by allowing the efficient resolution in one proceeding of common issues of law and fact). Only employees who consent in writing may become parties to a collective action. 29 U.S.C. § 216(b).

Under the FLSA procedure, certification occurs in two stages.[2] At the first stage, we determine whether the proposed class members are "similarly situated" employees and therefore should be notified about the pending action. See Hoffman-La Roche, 493 U.S. at

---

[2] The FLSA does not define "similarly situated," and the United States Court of Appeals for the Ninth Circuit has not interpreted the term. See Bogor v. American Pony Exp., Inc., 2010 WL 1962465, *2 (D. Ariz. 2010). We follow the majority of courts, which apply the two-step approach. Id.; see also Stickle v. SCI Western Market Support Center, L.P., 2009 WL 3241790, *2 (D. Ariz. 2009) ("district courts within the Ninth Circuit generally follow the two-tiered or two-step approach for making a collective action determination."); Saleen v. Waste Management, Inc., 649 F.Supp.2d 937, 939 (D. Minn. 2009).

1 169, 110 S.Ct. at 486 (court has the discretion to implement the collective action mechanism 2 by facilitating notice). We base the decision to certify on the pleadings and any declarations. 3 Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001). Plaintiffs have the 4 burden of showing a "reasonable basis" for their claim that members of the proposed class 5 are similarly situated. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 6 2008). They must show some "factual nexus which binds the named plaintiffs and the 7 potential class members together as victims of a particular alleged policy or practice." 8 Stickle v. SCI Western Market Support Center, L.P., 2009 WL 3241790, *3 (D. Ariz. 2009) 9 (citing Bonila v. Las Vegas Cigar Co., 61 F.Supp.2d 1129, 1138 n. 6 (D. Nev. 1999)). This 10 is a lenient standard, because the available evidence is limited and the determination may be 11 reexamined when the action is ready for trial. See Morgan, 551 F.3d at 1260–61 ("We have 12 described the standard for determining similarity, at this initial stage, as 'not particularly 13 stringent,' 'fairly lenient,' 'flexible,' 'not heavy,' and 'less stringent than that for joinder 14 under Rule 20(a) or for separate trials under 42(b).'") (internal citations omitted). If 15 plaintiffs show members of the proposed class are similarly situated, we direct notice to 16 potential collective action members. The second stage occurs after the completion of 17 discovery and is triggered by defendant's motion for decertification, at which point plaintiffs 18 bear a heavier burden. Id. at 1261.

19 Although plaintiffs must show that class members are all victims of a particular 20 alleged policy of practice, we do not review the underlying merits of plaintiffs' claims in 21 determining whether to conditionally certify the proposed class. See, e.g., Gieseke v. First 22 Horizon Home Loan Corp., 408 F.Supp.2d 1164, 1166 (D. Kan. 2006) (in making the 23 similarly situated determination, "the court does not reach the merits of the plaintiff's 24 claims"); Stanfield v. First NLC Fin. Servs., LLC, 2006 WL 3190527, *4 (N.D. Cal. 2006) 25 ("the Court will not evaluate the merits of Plaintiffs' claims under the FLSA at this point in 26 the litigation"). The focus of the inquiry "is not on whether there has been an actual violation 27 of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. 28 § 216(b) with respect to their allegations that the law has been violated." Guillen v.

1 Marshalls of MA, Inc., 750 F.Supp.2d 469, 475 (S.D.N.Y. 2010) (citations omitted).

2       Plaintiffs allege that members of the proposed class are similarly situated because "they are all classified as exempt employees, have the same job description, are subject to the same corporate policies and procedures, perform nearly identical job duties, and have consistently worked more than 50 hours per work week while employed as store managers by AutoZone." Motion to Certify at 6–7. In support of their allegations, plaintiffs cite their exempt status, the declarations of three plaintiffs, defendant's 2009 Annual Report filed with the Securities and Exchange Commission, and store manager job postings from defendant's stores in different states. In response, defendant has submitted company policies as well as the declarations of eleven employees. See Response, exs. A–M.[3] Declarants describe the responsibilities of managers and the daily operations of the stores.

**B**

All members of the proposed class are classified as exempt from FLSA overtime requirements. Their common classification supports the conclusion that all class members are similarly situated. See Bogor v. American Pony Exp., Inc., 2010 WL 1962465, *3 (D. Ariz. 2010) (defendants' classification of all airport drivers as exempt is evidence that plaintiffs are similarly situated); Kane v. Gage Merchandising Services, Inc., 138 F.Supp.2d 212, 215 (D. Mass. 2001) (defendants' treatment of at least some of a discrete class of employees as exempt "is sufficient for this Court to determine that a 'similarly situated' group of potential plaintiffs exists given the adopted lenient standard for court-facilitated notice."). Clearly, defendant is correct that this common classification alone is not sufficient to justify certification. See Colson v. Avnet, Inc., 687 F.Supp.2d 914, 927 (D. Ariz. 2010) ("As a matter of both sound public policy and basic common sense, the mere classification of a group of employees-even a large or nationwide group-as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice

---

[3] The employees include one regional manager, one district manager, six store managers, two assistant store managers, and two sales managers.

- 4 -

1 that renders all putative class members as 'similarly situated' for § 216(b) purposes."). However, plaintiffs do not rely solely on proposed class members' common status as exempt. They also include the declarations of three of the four plaintiffs,[4] as well as company policies.

**C**

The three declaring plaintiffs have worked for defendant for at least nine years each, in a total of at least five states and Washington, DC. They allege: (1) all AutoZone employees work under the same set of policies, procedures, expectations, and job classifications; (2) AutoZone never audited or analyzed job activities to determine whether the exempt classification was correct; (3) the district manager makes all management decisions; (4) the majority of store manager's time is spent performing routine sales tasks; (5) daily operations are laid out by defendant's policies and enforced through the district manager's daily phone calls; and (6) the district manager made hiring and firing decisions. See Declaration of Volena Glover-Hale (doc. 30); Declaration of Dilawar Khan (doc. 31); Declaration of Manuel Montoya (doc. 32).

Defendant argues that plaintiffs' beliefs about the similarity of their experiences to other store managers is insufficient to justify nationwide notice. See Monger v. Cactus Salon & SPA's LLC, 2009 WL 1916386, *2 (E.D.N.Y. 2009) (plaintiffs' belief that other locations' employees are subject to the same policies is insufficient evidence of their similar situation); Bernard v. Household Intern., Inc., 231 F.Supp.2d 433, 436 (E.D. Va. 2002) (plaintiffs' beliefs that experience of employees in other offices is similar to theirs not sufficient to extend class). They further argue that the alleged universality of plaintiffs' descriptions is contradicted by the declarations of the eleven employees provided by defendant.

We disagree. At this stage, plaintiffs need only demonstrate a reasonable basis for

---

[4] Plaintiffs explain that they did not submit a declaration from the fourth plaintiff, Michael Taylor, due to medical problems that have prevented him from offering deposition testimony. See Motion at 7 n.1.

- 5 -

1 their contention that other store managers are similarly situated. Their personal employment
2 experience is sufficient to do so. Moreover, plaintiffs' beliefs about the ubiquitousness of
3 their experiences are strengthened by both the duration and breadth of their work for
4 defendant. Each plaintiff has worked for defendant for many years, in different positions and
5 store locations. In addition, plaintiffs support their allegations with company policies that
6 suggest operations are largely the same across stores.

**D**

8 In arguing that their experiences are universal among store managers, plaintiffs cite
9 the job description used for all store managers nationwide and managers' identical job duties.
10 See Copley Declaration, ex. B (doc. 29-2) (examples of identical job descriptions for store
11 managers in several states). Plaintiffs argue that the standardized store layout and
12 regimented operations illustrate the similar employment experience across stores and deprive
13 plaintiffs of any decision-making. See Copley Declaration, ex. A, "Autozone 2009 Annual
14 Report" at 3–4 (doc. 29-1) ("Substantially all AutoZone stores are based on standard store
15 formats, resulting in generally consistent appearance, merchandising and product mix. . . .
16 All store support functions are centralized in our store support centers located in Memphis,
17 Tennessee and Mexico."). Plaintiffs allege that in order to promote uniformity, corporate
18 policy dictates "physical layout, signage, products, prices and promotions." Motion to
19 Certify at 8. According to plaintiffs, this system insures that all store managers perform the
20 same duties: (1) opening and/or closing the store; (2) entering product shipments into
21 AutoZone's computer system; (3) stocking merchandise; (4) arranging products pursuant to
22 AutoZone's plan-o-grams; (5) cleaning the store; (6) operating the cash register; (7) serving
23 customers; (8) attending mandatory conference calls; (9) scheduling staff using AutoZone's
24 computer system; and (10) visiting customers with the Commercial Accounts Manager.
25 Motion to Certify at 8–9. According to plaintiffs, this level of automation and conformity
26 ensures all positions are the same and leaves managers little room to manage.

27 Defendant argues that their store manager policies actually describe exempt
28 managerial responsibilities, and therefore, any misclassification could only be the result of

1  managers performing duties not contemplated by defendant's policies and job postings.
2  Response at 14–15; see Sandoval Declaration, ex. 1, "Job Description" at 15 (doc. 37-1)
3  (describing manager's responsibilities, including supervising personnel, addressing employee
4  concerns, hiring and firing, and training personnel). Defendant argues that to state a claim,
5  plaintiffs would have to show an actual company-wide policy of denying managerial
6  responsibilities in the face of official policy to the contrary. See Guillen, 750 F.Supp.2d at
7  476–77 (plaintiff must show that he is similarly situated to the proposed class members with
8  respect to allegation that he spent most of his time performing non-managerial tasks).
9  Defendant further claims that to the extent that any individual plaintiff does not
10 predominantly perform exempt duties, defendant will show that he is not fulfilling job
11 expectations, and that this kind of fact-intensive inquiry renders plaintiffs' claims
12 inappropriate for class treatment. Response at 17–18.

13       We do not reach defendant's contentions about managerial job descriptions and actual
14 responsibilities because we do not consider the merits of plaintiffs' FLSA claims at this
15 stage. See Colson, 687 F.Supp.2d at 926 (in determining whether to conditionally certify a
16 proposed class, "courts do not review the underlying merits of the action."). We consider the
17 company policies not for their substance, but rather for their illustration of the consistency
18 of operations across defendant's thousands of stores and the minimal professional discretion
19 allegedly left to plaintiffs. While defendant argues that the store manager job description and
20 company policies require plaintiffs to perform managerial responsibilities, defendant does
21 not dispute that it uses the same job description for all store managers, that its detailed
22 policies govern all stores, and that all managers have similar responsibilities. See Response
23 at 8–9. Defendant's description of the store manager position corroborates plaintiffs'
24 assertions that class members share uniform duties, responsibilities, compensation incentives,
25 training, and evaluation criteria. See Response at 6–8. The parties' agreement about the
26 consistent role and responsibilities of the manager position across stores suggests that if any
27 store manager is misclassified as exempt, many other store managers may also be
28 misclassified. See Aros v. United Rentals, Inc., 269 F.R.D. 176, 183–84 (D. Conn. 2010)

(plaintiff has sufficiently shown a factual nexus between all managers to justify conditional certification through evidence indicating that all managers "nationwide are subject to the same job description, perform the same essential duties and responsibilities, and are required to have the same job qualifications.").

**E**

Defendant contends that certification will not serve the intended purposes of collective actions: conservation of parties' resources and the efficient resolution of common issues of law and fact. See Hoffmann-La Roche, 493 U.S. at 170, 110 S.Ct. at 486. Defendant notes that plaintiffs seek damages in excess of $33,000 each and that the FLSA authorizes fee-shifting, so plaintiffs may recover attorneys' fees and costs if successful. Defendant further argues that collective treatment is not efficient because adjudication will require a case by case evaluation of each plaintiff's daily duties.

We disagree and conclude that conditional certification will likely promote the preservation of the parties' resources and the efficient resolution of the members' FLSA claims. Some variation in the working routines of individual plaintiffs is inevitable, and if that alone were sufficient to defeat certification, few employee groups could ever be granted class treatment. Even if the exemption inquiry is fact-intensive, many relevant circumstances may be similar among class members. Courts have conditionally certified classes of retail managers. See, e.g. Aros, 269 F.R.D. at 178 (conditionally certifying class of "operations managers" of defendant's 500 equipment rental branches). Additionally, while plaintiffs' alleged damages might justify individual proceedings, other potential class members may have FLSA claims for much smaller amounts.

Plaintiffs have shown a reasonable basis "to conclude that questions common to a potential group of plaintiffs would predominate a determination of the merits in this case." Mike v. Safeco Ins. Co. of America, 274 F.Supp.2d 216, 220 (D. Conn. 2003). Their declarations and other exhibits show that all class members are classified as non-exempt, perform similar duties pursuant to identical job descriptions, and that there exists a high degree of uniformity of operations across stores. Because plaintiffs have shown that they are

1  similarly situated to store managers throughout the United States with respect to their FLSA
2  claim, we grant conditional collective action status.

**II**

4  Plaintiffs request that we order defendant to provide addresses, phone numbers, and
5  social security numbers for all potential class members. The production of addresses is
6  appropriate, but in the interest of protecting class members' privacy, we will not order
7  defendant to provide telephone numbers and social security numbers. Such information is
8  sensitive, and putative class members may have provided personal data to defendant with the
9  expectation of confidentiality. See Stickle, 2009 WL 3241790, *7 (supplying "the phone
10 numbers of thousands of Defendants' current and former employees seems like a needless
11 intrusion into the privacy of these individuals and their families. . . . Similarly, Plaintiffs are
12 not entitled to any social security numbers.") (citations omitted).

13 Defendant requests that we order a third party administrator to send notice to potential
14 class members. Response at 19. However, defendant points to no deficiencies in the form
15 of plaintiffs' proposed notice, nor any reason to believe plaintiffs will distribute misleading
16 communications. Accordingly, there is no reason to impose this additional expense.

17 We also agree with defendant that a sixty-day opt-in period is sufficient. This is
18 enough time to locate potential plaintiffs.

**III**

20 Plaintiffs move for judicial notice of three court-approved notices and consent to sue
21 forms sent to prospective members in other FLSA actions, and the courts' orders approving
22 the notices. See Motion for Judicial Notice (doc. 33). The motion is unopposed. We may
23 take judicial notice of documents that are part of an official federal court record. Service
24 Employees Intern. Union, Local 102 v. County of San Diego, 60 F.3d 1346, 1357 n.3 (9th
25 Cir. 1994); see also Fed. R. Evid. 201(b) (permitting judicial notice of facts "capable of
26 accurate and ready determination by resort to sources whose accuracy cannot reasonably be
27 questioned."). These documents are properly subject to judicial notice, and plaintiffs' motion
28 is granted.

## IV

**IT IS ORDERED GRANTING** plaintiffs' motion for conditional FLSA class certification (doc. 28). **IT IS FURTHER ORDERED** that this action is conditionally certified as a representative collective action pursuant to 29 U.S.C. § 216(b), on behalf of all AutoZone store managers employed anywhere in the United States except California between July 16, 2007 and July 16, 2010.

**IT IS FURTHER ORDERED** that defendant shall produce in Microsoft Excel format the names and addresses for all AutoZone store managers employed anywhere in the United States except California between July 16, 2007 and July 16, 2010 within thirty (30) days of this order

**IT IS FURTHER ORDERED** that within forty-five (45) days of the date of this order, plaintiffs shall mail notice of the FLSA action to all potential opt-in plaintiffs in the form of the proposed notice and consent to sue form (docs. 29-3 & 29-4), except that the notice shall be modified so as to give potential class members sixty (60) days to return the consent to sue form.

**IT IS FURTHER ORDERED** that all potential plaintiffs may "opt-in" to the collective action within sixty (60) days of the mailing of the notice of collective action by sending the consent to sue form to plaintiffs' counsel.

**IT IS FURTHER ORDERED GRANTING** plaintiff's motion for judicial notice (doc. 33).

DATED this 24th day of May, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 10 -