**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Michael L. Taylor, on behalf of himself and other persons similarly situated, et al., <br><br>  Plaintiffs, <br><br> vs. <br><br> Autozone, Inc. et al., <br><br>  Defendants. | No. CV-10-8125-PCT-FJM <br><br> **ORDER** |

We have before us: (1) plaintiffs' motion to compel (doc. 58), defendant's response (doc. 74), and plaintiffs' reply (doc. 77); and (2) defendant's motion to reconsider (doc. 71) our Order of May 12, 2011 (doc. 61) granting plaintiffs' first motion to compel (doc. 49).

**I**

On April 21, 2011, plaintiffs moved to compel the production of all defendant's "plano-grams," as well as all floor plans or floor display layouts of all stores at which the four named plaintiffs worked in the three years prior to July 16, 2010 (doc. 49). Because defendant did not timely respond,[1] we granted plaintiffs' motion. See Order of May 12, 2011

---

[1] We now note that defendant did file a late response, stating that the parties' lawyers "specifically agreed to Defendant's filing of this Opposition at this time." Response to Motion to Compel at 2, n.2 (doc. 64). However, the parties never requested an extension of time from the court, and thus the response came too late for consideration.

1  (doc. 61). However, due to administrative error, our order included the language from
2  plaintiffs' proposed order for their second motion to compel (doc. 58), rather than plaintiffs'
3  first motion to compel (doc. 49). We therefore amend our Order of May 12, 2011 (doc. 61)
4  to delete the erroneous language and substitute the correct language.

**II**

6  Defendant moves for reconsideration of our Order of May 12, 2011, because the time
7  to respond to plaintiffs' second motion to compel (doc. 58), had not yet expired. As we have
8  amended our order so as not to erroneously grant plaintiffs' second motion, but instead grant
9  plaintiffs' first motion to compel, defendant's motion to reconsider is moot (doc. 71).

**III**

11  Plaintiffs move for an order requiring defendant to produce all documents relating to
12  its policies, practices and procedures for setting retail store staffing levels from July 16, 2007
13  to the present (excluding any proprietary scheduling software), including those related to the
14  number of hours and/or number and type of employee positions budgeted for each location
15  (doc. 58).

16  Plaintiffs argue that these documents are relevant to their allegations that defendant's
17  stores are intentionally understaffed, requiring store managers to perform non-managerial
18  work. We agree that documents about staffing levels are relevant. To be exempt under the
19  Fair Labor Standards Act, an employee's "primary duty" must be management. See 29
20  C.F.R. § 541.100(a)(2). Relevant to that determination is "the amount of time spent
21  performing exempt work." 29 C.F.R. § 541.700(a). Defendant's staffing policies, including
22  the kinds of positions and the number of hours authorized for each store, may provide
23  evidence of the day-to-day responsibilities of store managers and show whether their primary
24  duty is management. Defendant argues that plaintiffs' request is overly broad because it
25  encompasses operations beyond store managers' responsibility. But a request for documents
26  relating to "determining and setting staff levels" does not reach policy decisions, such as the
27  store logo design or sales offers. See Motion to Reconsider at 4. We therefore conclude that
28  plaintiffs' request is sufficiently tailored.

- 2 -

Plaintiffs' request is also not overly burdensome. "[P]re-trial discovery is ordinarily 'accorded a broad and liberal treatment.'" Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993) (citing Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392 (1947)). We may limit the extent of proposed discovery if its burden or expense outweighs its likely benefit. See Fed. R. Civ. P. 26(b)(2)(iii). Given the number of possible plaintiffs in the conditionally certified class, defendant's resources, and the importance of defendant's staffing policies to plaintiffs' claim about their exempt status, we conclude that the expense of complying with plaintiffs' request does not outweigh its benefit.

Defendant also argues that the parties are working to develop search terms to identify the documents that are the subject of plaintiffs' motion, and that the searches will clarify the scope of the burden imposed by plaintiffs' request. Defendant believes these queries will demonstrate that plaintiffs' request is overly broad. But plaintiffs made their first request for staffing-related documents on November 12, 2010, and narrowed the dates of the requested documents on January 20, 2011. See Gould Declaration, ¶¶ 2, 6 (doc. 59). Defendant does not explain why the search-term development process is still ongoing, and we see no reason for further delay.

Defendant asks for protection of any confidential information that defendant produces. The parties have entered into two stipulations on discovery protocol (docs. 72 & 73), which include protection for confidential documents.

Because plaintiffs' requested documents are relevant and their production not overly burdensome, we grant plaintiffs' motion to compel.

**IV**

**IT IS ORDERED** amending our Order of May 12, 2011 (doc. 61), by striking the second paragraph, and substituting the following: "**IT IS ORDERED** that defendants produce all AutoZone plan-ograms, as well as all AutoZone floor plans or floor display layouts, controlling or showing the layout or appearance of the retail stores at which plaintiffs Glover-Hale, Khan, Montoya and Taylor worked in the three years prior to July 16, 2010."

1  **IT IS ORDERED DENYING** as moot defendant's motion for reconsideration (doc.
2  71).
3  **IT IS ORDERED GRANTING** plaintiffs' motion to compel (doc. 58).  **IT IS**
4  **ORDERED** that defendants produce all documents relating to defendants' policies, practices
5  and procedures for determining and setting staffing levels at the retail store level (excluding
6  any proprietary scheduling software), from July 16, 2007 to May 24, 2011 (the terminal date
7  to be explained in a subsequent order).  Such policies, practices and procedures include, but
8  are not limited to, those which govern or relate to the number and type of authorized hours
9  and/or number and type of employee positions budgeted for each retail location.
10  DATED this 9th day of June, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge