**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Taylor, on behalf of himself and other persons similarly situated, et al., ) ) ) Plaintiffs, ) ) vs. ) ) Autozone, Inc. et al., ) ) Defendants. ) ) ) | No. CV-10-8125-PCT-FJM<br><br>**ORDER** |

We have before us plaintiffs' motion to clarify (doc. 79), which we construe as a motion for reconsideration, and defendant's motion for reconsideration of our order conditionally certifying a Fair Labor Standards Act ("FLSA") class (doc. 80).

**I**

We conditionally certified a class "of all AutoZone store managers employed anywhere in the United States except California between July 16, 2007 and July 16, 2010." Order of May 24, 2011 at 10 (doc. 67). The class description is from plaintiffs' motion for certification, which states that the "class of prospective collective action members consists of all persons who worked as AutoZone store managers in the three years before July 16, 2010," and requests our authorization for dissemination of notice to all persons who worked as store managers "during the three years prior to July 16, 2010." Motion for Certification at 5, 6 (doc. 28). However, elsewhere in the motion, plaintiffs request that the action be certified on behalf of all managers employed between July 16, 2007, and the present. Motion

1 for Certification at 4. Plaintiffs' proposed form of notice, which we approved, states that the
2 action is on behalf of all store managers employed from July 16, 2007 to the present. Copley
3 Declaration, ex. C, "Notice of Collection Action" (doc. 29-3). In its response to plaintiffs'
4 certification motion, defendant only addressed the class period in a footnote, arguing that the
5 class should not include all managers employed since July 17, 2007, because the complaint
6 filing only tolled the limitations period for plaintiffs' claims, not the claims of individuals
7 who have not yet joined the class. See Response at 20 n.19 (doc. 37).

8 In their motion to reconsider, plaintiffs contend the class should include store
9 managers employed from July 16, 2007 until the present, because this definition gives the
10 court "maximum flexibility and does not present any practical challenges," and because
11 courts generally certify FLSA classes for individuals employed "to the present." Motion at
12 2. Plaintiffs argue we should rely on the opt-in deadline of September 10, 2011 to provide
13 finality with respect to class membership.

14 Defendant argues that the class should be store managers employed between May 24,
15 2009, and May 24, 2011, a period of two years prior to our order conditionally certifying the
16 class.[1] Defendant's Motion to Reconsider at 18. Defendant argues that because the filing
17 of the complaint does not toll the statute of limitations for plaintiffs who have not yet
18 consented to join, it does not establish the eligibility period for all plaintiffs. Defendant also
19 argues that the two year statute of limitations period applies here, not the three year period
20 for willful violations, and therefore, the class period should extend back only two years. Id.
21 at 16.

22 We conclude that the appropriate class is store managers employed between May 24,
23 2008 and May 24, 2011, a period of three years before conditional class certification. First,
24 an end date of "the present" creates a moving target and presents potential case management

---

[1] We may not grant a motion to reconsider without providing an opportunity for response. See LRCiv 7.2(g)(2). Because defendant addressed plaintiffs' motion to reconsider the class period in defendant's separate motion to reconsider, no further response is necessary.

- 2 -

problems. The interests of clarity and finality are better promoted by firm class period dates. We will not leave open the door to motions for the joining of plaintiffs who learn of the action after the opt-in period, and believe that they are members of a class that extends to "the present." A specified end date also helps ensure that plaintiff-specific discovery will be completed in a timely manner. The class end date is the date we conditionally certified the class, rather than the date plaintiffs' complaint was filed, because judicial economy is best served by including as many prospective plaintiffs with the same FLSA claim as is practicable.

Second, we extend the period to three years before the date of conditional certification because plaintiffs have adequately alleged a willful violation of the FLSA. The statute of limitations for violations of the FLSA is two years, with a three year exception for willful violations. 29 U.S.C. § 255(a). Defendant argues that plaintiffs have not adequately alleged a wilful violation, see Motion to Reconsider at 16, but defendant did not make this argument in its response to plaintiffs' motion for conditional certification, and has not explained the delay. See LRCiv 7.2(g)(1).

Putting aside the timeliness of defendant's argument, we conclude that plaintiffs' allegations of wilfulness are sufficient. An FLSA violation is willful if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S.Ct. 1677, 1681 (1988). Plaintiffs assert that defendant's classification of its California store managers as non-exempt, while classifying all other managers as exempt, demonstrates willfulness. Taylor Complaint, ¶ 13 (doc. 1). Defendant argues California managers are subject to more stringent state laws, and also that its classification is justified because another court concluded that an assistant store manager was properly classified as exempt. Motion to Reconsider at 17 (citing Cofield v. Autozone Stores, Inc. et al., 02-CV-2436-RDP (D. Ala. Aug. 31, 2005). But the ruling of another court made almost six years ago with respect to another position does not mean plaintiff cannot state a claim for a wilful violation. A fact finder could believe that if defendant is in violation of the FLSA, its previous experience

- 3 -

litigating a similar issue evidences its knowledge or reckless disregard for plaintiffs' FLSA status. The same is true of its different status for the California store managers.

We therefore amend our Order of May 24, 2011 (doc. 67) to conditionally certify a class of all AutoZone store managers employed anywhere in the United States except California between May 24, 2008 and May 24, 2011.

## II

Defendant moves for reconsideration of our order granting conditional class certification. Because defendant's motion does not identify any matter overlooked or misunderstood, we do not order a response from plaintiffs. See LRCiv 7.2(g)(2).

We deny a motion for reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [our] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). We grant reconsideration in only "highly unusual circumstances," when we are "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Carroll v. Nakatani, 342 F.3d 934, 944 (9th Cir. 2003) (applying Fed. R. Civ. P. 59(e)).

Defendant argues that we committed clear error in not considering the merits of plaintiffs' FLSA claim. However, defendant made this argument in its opposition to plaintiffs' motion to certify. See Response to Motion to Certify at 12. A motion for reconsideration may not repeat "any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." LRCiv 7.2(g)(1). Defendant also argues that we should apply the more stringent certification standards of Rule 23, Fed. R. Civ. P. However, defendant did not assert this argument in its response to plaintiffs' motion to certify, and has not explained its failure to do so. Accordingly, we need not consider it now. Finally, defendant argues that collective action will not advance the interest of judicial economy. However, we stand by our original conclusion that conditional certification promotes the "efficient resolution of the members' FLSA claims." Order of May 24, 2011 at 8. We therefore deny defendant's motion to reconsider (doc. 80).

## III

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** plaintiffs' motion to clarify (reconsider) (doc. 79). **IT IS ORDERED** amending our Order of May 24, 2011 (doc. 67) by substituting the dates "May 24, 2008 and May 24, 2011," for the dates "July 16, 2007 and July 16, 2010" on line 6 at page 10.

It goes without saying that plaintiffs must amend the notice to conform with this order.

**IT IS ORDERED DENYING** defendant's motion to reconsider (doc. 80).

DATED this 13th day of June, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge