**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Taylor; Dilawar Khan; Volena Glover-Hale; Manuel Montoya, on behalf of themselves and other persons similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>AutoZone Inc., a Tennessee corporation; AutoZone Inc., a Nevada corporation; AutoZoners LLC,<br><br>        Defendants. | CV 10-08125-PCT-FJM<br><br>**ORDER** |

The court has before it plaintiffs' motion to review clerk's taxation of costs (doc. 292), defendants' response (doc. 293), and plaintiffs' reply (doc. 294).

Plaintiffs filed this Fair Labor Standards Act ("FLSA") collective action, asserting that they were entitled to overtime pay as Store Managers of Autozone. We granted summary judgment to defendants on all claims (doc. 278). Defendants filed an application for costs (doc. 280), to which plaintiffs objected (doc. 283) and defendants responded (doc. 288). The Clerk taxed $66,599.02 in costs against plaintiffs (doc. 291). Plaintiffs move this court to review the costs taxed against them.

Under Rule 54(d)(1), Fed. R. Civ. P., costs are presumptively awarded to the prevailing party, although the court has the discretion to deny the award. The losing party bears the burden of proof to show why we should not award costs. Save Our Valley v. Sound

Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). Appropriate reasons to deny costs include "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; [] (3) the chilling effect of imposing [] high costs on future civil rights litigants;" (4) "the issues in the case were close and difficult;" (5) "the prevailing party's recovery was nominal;" (6) "the losing party litigated in good faith;" and (7) "the case presented a landmark issue of national importance." Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003) (citations omitted).

Plaintiffs argue in part that their limited financial resources and the potential chilling effect on FLSA litigation weigh in favor of reversing the Clerk's taxation of costs. Defendants argue that plaintiffs have not persuasively established that their financial resources are limited, because plaintiffs have not indicated who is ultimately responsible for the payment of costs under their fee agreement with counsel. Plaintiffs have not submitted a copy of the fee agreement or affirmatively confirmed its contents. Although plaintiffs submitted declarations in support of their opposition to the taxation of costs, these declarations do not affirmatively state that they will be ultimately responsible for paying the costs. They simply state that the plaintiffs cannot afford to pay "a judgment" of several thousand dollars (docs. 284, 285, 286, 287).

Plaintiffs argue that "the arrangements that class counsel may have made with their clients" is not the proper focus. Reply at 3. We disagree. The issue of who will ultimately incur the taxed costs is directly relevant to two of the factors that the Ninth Circuit (and plaintiffs) ask us to take into account: the plaintiffs' limited resources (which is irrelevant if their counsel will cover the costs) and the potential chilling effect on future FLSA litigation. See Jardin v. DATAllegro, Inc., 08-CV-1462-IEG (WVG), 2011 WL 4835742, at *4 (S.D. Cal. Oct. 12, 2011) (denying motion to deny costs in part because plaintiff "has not argued that he—as opposed to his counsel, pursuant to a fee agreement—will have to pay the cost award himself"); Tibble v. Edison Int'l, CV-07-5359-SVW (AGRx), 2011 WL 3759927, at *3 (C.D. Cal. Aug. 22, 2011) (chilling effect of taxing costs against plaintiffs low because

plaintiffs not liable for costs under the fee arrangement).  Without this information, we cannot accurately assess whether plaintiffs have overcome Rule 54(d)(1), Fed. R. Civ. P.'s presumption that costs should be taxed against them.

Accordingly, **IT IS ORDERED** that within ten days of the date of this order, plaintiffs shall submit (1) a sworn declaration or affidavit from plaintiffs' counsel affirmatively stating who is responsible for payment of the costs taxed by the Clerk under the fee arrangement; (2) a copy of the fee arrangement between the named plaintiffs and counsel; and (3) a sworn declaration or affidavit from the four named plaintiffs explicitly stating whether they will be personally responsible for payment of the costs taxed by the Clerk.

DATED this 8th day of June, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -