**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Taylor; Dilawar Khan; Volena Glover-Hale; Manuel Montoya, on behalf of themselves and other persons similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>AutoZone Inc., a Tennessee corporation; AutoZone Inc., a Nevada corporation; AutoZoners LLC,<br><br>          Defendants. | CV 10-08125-PCT-FJM<br><br>**ORDER** |

The court has before it plaintiffs' motion to review clerk's taxation of costs (doc. 292), defendants' response (doc. 293), and plaintiffs' reply (doc. 294). In response to our order dated June 8, 2012 (doc. 295), plaintiffs submitted declarations from the named plaintiffs and plaintiffs' counsel (docs. 296, 299). Finally, we have before us plaintiffs' motion to seal (doc. 297).

As outlined in our June 8, 2012 order, we previously granted summary judgment to defendants on plaintiffs' Fair Labor Standards Act ("FLSA") collective action. The Clerk taxed $66,599.02 in costs against plaintiffs (doc. 291).[1] Plaintiffs move this court to review the costs taxed against them. Because it was unclear whether it was plaintiffs or their counsel

---

[1] Plaintiffs do not challenge the Clerk's calculation of taxable costs.

who would ultimately be responsible for the payment of costs, we ordered plaintiffs to submit updated declarations, a declaration from counsel, and copies of their fee agreements. These documents confirm that it is plaintiffs' counsel, not plaintiffs, who will be ultimately responsible for the payment of costs.

Although Rule 54(d)(1), Fed. R. Civ. P. presumptively awards costs to the prevailing party, we may in our discretion deny or modify the award. Plaintiffs, as the losing party, bear the burden of proving why we should not award costs. The Ninth Circuit lists a number of reasons why costs may be appropriately denied, including "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party;" (3) "the chilling effect of imposing [] high costs on future civil rights litigants;" (4) "the issues in the case were close and difficult;" (5) "the prevailing party's recovery was nominal;" (6) "the losing party litigated in good faith;" and (7) "the case presented a landmark issue of national importance." Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003) (citations omitted).

Plaintiffs argue that we should refrain from taxing costs in this case because of (1) the plaintiffs' limited financial resources, (2) the potential chilling effect on future litigants, (3) the close and difficult issues in the case, and (4) the need for plaintiffs to file several motions to compel during discovery. Although briefing on the motion for summary judgment included lengthy submissions from both sides, we do not agree that the legal issue in the case - whether or not plaintiffs were properly classified as managerial employees - was difficult. This kind of case has been routinely decided by district and appellate courts by considering established factors. That the question could be decided without a trial supports a finding that the issues were neither close nor difficult. We are also not persuaded that plaintiffs' need to file motions to compel in this action constitutes misconduct on the part of defendants to justify setting aside a presumptive award of costs. Nor does the subject matter alone justify rebuttal of the presumption. See Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 593 (9th Cir. 2000) (presumption of awarding costs to prevailing party applies equally

in civil rights actions).

We turn to the cornerstone of plaintiffs' argument: their limited financial resources and the potential chilling effect on future FLSA litigants. The motion originally included declarations from each of the four named plaintiffs highlighting each plaintiff's "limited financial means." They lamented that if a large judgment was enforced against them, each "would be forced to seek bankruptcy protection," and that such a judgment would have a chilling effect "because the risk of losing would be financially disastrous." (docs. 284, 285, 286, 287). Plaintiffs argued that the "vast economic disparity" between them and defendants was an "important and obvious ground for not imposing costs in this case." Mot. to Review Costs at 4. Plaintiffs urged us not to affirm an award of costs against them that, even if divided equally among them, "would amount to 33% of [their] annual pay." Reply at 6. In short, plaintiffs' argument about their limited financial resources and the chilling effect of imposing a large award of costs on future FLSA litigation centered around the assumption that the $66,599.02 would come out of plaintiffs' pockets.

Plaintiffs did not divulge to the Court, until ordered to do so, that counsel will foot the bill. With this information come to light, we find that plaintiffs' personal financial situation does not support setting aside the presumptive award of costs. See Jardin v. DATAllegro, Inc., 08-CV-1462-IEG (WVG), 2011 WL 4835742, at *4 (S.D. Cal. Oct. 12, 2011) (denying motion to deny costs in part because plaintiff "has not argued that he—as opposed to his counsel, pursuant to a fee agreement—will have to pay the cost award himself"). Moreover, the chilling effect on future FLSA litigants is minimal at best. Tibble v. Edison Int'l, CV-07-5359-SVW (AGRx), 2011 WL 3759927, at *3 (C.D. Cal. Aug. 22, 2011) (chilling effect minimal because plaintiffs not liable for costs under the fee arrangement). Indeed, potential FLSA litigants of "limited financial means" reading our ruling may be encouraged to seek counsel to pursue their claims, knowing that they may be able to enter an agreement where they will not be personally responsible for costs should their claims fail. After considering all of the Champion Produce factors, we conclude that plaintiffs have not shown that Rule

- 3 -

54(d)(1), Fed. R. Civ. P.'s presumptive award of costs should be set aside.

Ultimately, plaintiffs' references to bankruptcy, their limited resources, and the disparity of wealth between the parties are hypothetical concerns. Of great concern, however, is that plaintiffs' arguments and original declarations, which strongly implied that plaintiffs would be responsible for payment of costs, were misleading to the Court. These kinds of documents are crafted by lawyers, not clients. Accordingly, plaintiffs' counsel will show cause why they should not be required to pay defendants' attorneys' fees and costs incurred in defending plaintiffs' motion to review clerk's taxation of costs as a sanction.

Finally, plaintiffs move to file copies of their fee agreements under seal. Although there is a strong presumption in favor of public access to court records, documents attached to a non-dispositive motion may be sealed if the moving party shows good cause. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). Plaintiffs have offered no specific reasons to seal the agreements, suggesting only that these documents are usually kept private. The fee agreements do contain plaintiffs' social security numbers, phone numbers, and addresses, information that we agree should be kept private. However, while plaintiffs' counsel see no necessity for the fee agreements to become public, we do. Specifically, plaintiffs' counsel declared under penalty of perjury in the declaration we ordered him to file that "[n]one of the representation agreements specifically address the payment of Defendants' costs." Samson Decl. ¶ 3 (doc. 296, ex. 1). This statement is contradicted both by the fee agreements and the remainder of the declaration. As plaintiffs' counsel recognizes, the fee agreements state that if plaintiffs' claims are unsuccessful, plaintiffs are "not responsible for the payment of any attorney fees, costs or expenses." Samson Decl. ¶ 3 (emphasis added). Despite the absence of the word "defendants," the language of the provision appears plain to us. Indeed, plaintiffs themselves understand the agreement as requiring their lawyers to pay the costs taxed against them. Samson Decl., ex. B.

Despite our June 8, 2012 order requiring plaintiffs' counsel to "affirmatively stat[e]

1  who is responsible for payment of the costs. . . under the fee arrangement," <u>Order</u> at 3 (doc.
2  295), plaintiffs' counsel appears content to rely on semantics to deny that the fee agreements
3  address the issue of who pays defendants' costs.  Under these circumstances, we do not find
4  there is good cause to seal the agreements, other than to redact the social security numbers,
5  addresses, and phone numbers of the plaintiffs.

6       **IT IS ORDERED DENYING** plaintiffs' motion to review clerk's taxation of costs
7  (doc. 292). The Clerk's taxation judgment of $66,599.02 against plaintiffs (doc. 291) is
8  **AFFIRMED**.

9       **IT IS ORDERED GRANTING IN PART** plaintiffs' motion to seal (doc. 297).
10 Pursuant to LRCiv 5.6(e), the lodged document (doc. 298) will not be filed. Instead, within
11 five days of the date of this order plaintiffs shall file copies of the fee agreements with their
12 social security numbers, telephone numbers, and addresses redacted.

13      **IT IS FURTHER ORDERED** that within fourteen (14) days of the date of this order,
14 plaintiffs' counsel shall file a memorandum showing cause why they should not be required
15 to pay defendants' fees and costs in responding to the motion to review taxation of costs.
16 Defendants shall file a response within fourteen (14) days of the filing of the memorandum.
17 The response shall include an itemization of attorney's fees incurred in connection with
18 plaintiffs' motion for review of taxation of costs along with any supporting documentation.
19 Plaintiffs counsel will then have seven (7) days to reply if desired.  Their reply should
20 include any objections to the reasonableness of the fees. The memorandum, response, and
21 reply shall each be limited to ten pages.

22      DATED this 20th day of June, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge