**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Taylor; Dilawar Khan; Volena Glover-Hale; Manuel Montoya, on behalf of themselves and other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AutoZone Inc., a Tennessee corporation; AutoZone Inc., a Nevada corporation; AutoZoners LLC,<br><br>Defendants. | CV 10-08125-PCT-FJM<br><br>**ORDER** |

The court has before it plaintiffs' response to our order to show cause (doc. 302), defendants' opposition (doc. 304), and plaintiffs' reply (doc. 305).

**I**

After judgment was entered in favor of defendants in this Fair Labor Standards Act collective action, the Clerk taxed costs against plaintiffs in the amount of $66,599.02 (doc. 291). Plaintiffs moved to have the costs set aside. Attached to the motion were declarations from each of the four named plaintiffs describing each plaintiff's limited financial means. Plaintiffs stated that if a large judgment of costs was enforced against them, each "would be forced to seek bankruptcy protection," and each stated that a judgment would have a chilling effect on future litigation "because the risk of losing would be financially disastrous." (docs. 284, 285, 286, 287). Defendants argued in opposition that whether plaintiffs themselves

1  were responsible for paying the costs was a legally relevant factor. Before deciding the
2  motion, we ordered plaintiffs, who had not provided this information, to confirm who was
3  ultimately responsible for paying the costs. We then learned that it was plaintiffs' counsel,
4  not plaintiffs, who would foot the bill.

5  In our order denying plaintiffs' motion to set aside costs, we expressed "great concern.
6  . . that plaintiffs' arguments and original declarations, which strongly implied that plaintiffs
7  would be responsible for payment of costs, were misleading to the Court" (doc. 300 at 4).
8  Accordingly, we ordered plaintiffs' counsel to show cause why sanctions should not be levied
9  against them.

**II**

11  Plaintiffs' counsel apologizes for the misleading impression created by what they
12  characterize as "poor drafting." Pls.' Resp. to Order to Show Cause ("OSC") at 2. They
13  argue that sanctions are unwarranted because they proffered a good faith legal argument for
14  setting aside the award of costs. Specifically, they argued that who ultimately paid an award
15  of costs was legally irrelevant under their interpretation of Ninth Circuit precedent. Thus,
16  plaintiffs "did not focus" on who was ultimately responsible for payment. Id.

17  Our concern, however, stems not from plaintiffs' legal theory, but from the misleading
18  factual impression that the named plaintiffs would personally be responsible for paying costs.
19  Plaintiffs focused their argument on two factors the Ninth Circuit considers when
20  determining whether to set aside a cost award: financial resources and the chilling effect on
21  future litigation. They accompanied these arguments with declarations from the named
22  plaintiffs predicting that they would have to file personal bankruptcy should this judgment
23  of costs be taxed. Importantly, the declarations did not state that these plaintiffs would not
24  have to shoulder the burden of the cost judgment. To the contrary, they created the
25  impression that the judgment would be personally levied against the four named plaintiffs.
26  For example, Volena Glover-Hale submitted a declaration stating:

> I have limited financial means. I have a modest income and little or no savings. There is no way <u>I could pay</u> a judgment of several thousand dollars. If defendants obtained and enforced a large judgment <u>against me</u>, I would be

- 2 -

    forced to seek bankruptcy protection.

    If big companies like AutoZone could punish workers who bring legitimate claims. . . by sticking <u>them</u> with tens of thousands of dollars in costs, it would have a chilling effect. Regular people <u>like me</u> would never try to enforce their rights <u>because the risk of losing would be financially disastrous</u>.

Glover-Hale Decl. ¶¶ 3-4 (emphasis added) (doc. 284). Combined with the plaintiffs' legal argument emphasizing financial resources and the chilling effect, these factual submissions created an almost inescapable impression that plaintiffs would be directly responsible for costs.

  Plaintiffs argue that they believed discussing who was responsible for costs was unnecessary because of their "openly expressed" legal position that this factor was irrelevant, and that this legal position explains why plaintiffs did not affirmatively state to the Court that counsel would cover the costs. <u>Pls.' Resp. to OSC</u> at 6-7. Defendants, however, directly argued in opposing the motion to set aside costs that in their view, whether the costs ultimately came out of plaintiffs' pockets was a relevant consideration. They argued that

    [d]espite their ability to do so, Plaintiffs failed to submit the fee agreement to show who is ultimately responsible for the payment of costs. Nor have Plaintiffs made a simple statement regarding the nature of the fee agreement. Without such a showing, the Court and AutoZone are left to assume that Plaintiffs' counsel may share some, if not all, responsibility to pay the $66,599.02 in costs.

<u>Resp. to Mot. to Set Aside Costs</u> at 4 (doc. 293). Although plaintiffs continued to argue that whether counsel might pay costs was legally irrelevant in reply, they failed to notify this Court that counsel would pay the cost judgment. Worse, plaintiffs made additional statements in their reply brief implying that they would be personally responsible for costs, despite their knowledge that this was false. For example, plaintiffs opened their reply by arguing that

    AutoZone's response to the motion asks this Court to avoid the <u>actual issue of whether or not to burden four average individuals in today's precarious economy with $66,599.02 in costs</u> and instead to focus on a purely theoretical division of the costs across the 1400 opt-in class members or on the collateral argument that the Plaintiffs' lawyers may pay the costs.

<u>Reply to Mot. to Set Aside Costs</u> at 2 (emphasis added) (doc. 294). And under a heading titled "The Cost Judgment Won't be Entered Against the Opt-ins <u>or Counsel</u>, id. at 3

- 3 -

1  (emphasis added), plaintiffs argued that "AutoZone's suggestion that the Court spread the
2  costs over the 1400 Opt-ins <u>or assume that Plaintiffs' counsel will be paying them</u> is sleight
3  of hand." Id. (emphasis added). But when we ordered plaintiffs to affirmatively state who
4  was responsible for costs, we learned that "burden[ing] four average individuals in today's
5  precarious economy with $66,599.02 in costs," and forcing them into bankruptcy, was not
6  an "actual issue." See id. at 2. Plaintiffs' counsel cannot blame these repeated
7  representations on poor drafting. Contrary to their argument, it appears that plaintiffs'
8  counsel were the ones engaging in sleight of hand.

9  Plaintiffs' counsel could have been honest with this Court that they were responsible
10  for paying the costs. Indeed, doing so would not have undermined their legal argument that
11  who ultimately paid was legally irrelevant. But plaintiffs' counsel chose instead to submit
12  declarations that they admit gave the misleading impression that plaintiffs were responsible
13  for paying costs. Even after defendants argued that courts have denied motions to set aside
14  costs in part because counsel was responsible for payment, plaintiffs' counsel still did not
15  acknowledge that they were covering the costs. Instead, they continued to make affirmative
16  statements suggesting that plaintiffs would be personally responsible for costs. Plaintiffs'
17  counsel explain that they simply assumed that, despite their arguments, we would guess that
18  counsel would foot the bill based on the prevalence of this kind of fee arrangement in class
19  action cases. But it is not this Court's job to assume facts. It is counsel's job, and indeed
20  their duty as officers of the court, to ensure that the facts they place before us are accurate
21  and not misleading. This plaintiffs' counsel did not do.

22  Rule 11(b)(3), Fed. R. Civ. P. requires that factual contentions submitted to the court
23  "have evidentiary support." Moreover, filings should not be presented for "any improper
24  purpose." Id. 11(b)(1). Here, plaintiffs' counsel repeatedly made statements and submitted
25  declarations strongly implying that plaintiffs would be responsible for payment of costs.
26  These statements were not supported by the fee agreements, and counsel obfuscated the true
27  facts, even after these were challenged by defendants. Accordingly, we find that sanctions
28

1  under Rule 11, Fed. R. Civ. P. are appropriate.[1]

2  Court-initiated monetary sanctions must be paid as a penalty into court. Barber v.
3  Miller, 146 F.3d 707, 711 (9th Cir. 1998). Defendants submitted documentation showing
4  that they incurred $5,985.00 in fees when opposing plaintiffs' motion to set aside costs. We
5  conclude that this is an appropriate penalty.

6  Accordingly, **IT IS ORDERED** that plaintiffs' counsel shall pay $5,985.00 as a
7  sanction to the clerk of this court no later than ten days after the entry of this order.

8  DATED this 13th day of September, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[1] The filings also raise questions regarding plaintiffs' counsel's adherence to the Arizona Rules of Professional Conduct. Under ER 3.3(a)(1) of the Arizona Rules of Professional Conduct, a lawyer has a duty of candor to the tribunal. He cannot knowingly "make a false statement of fact or law to a tribunal," or fail to correct a false statement of material fact previously made to the tribunal.