**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Taylor; Dilawar Khan; Volena Glover-Hale; Manuel Montoya, on behalf of themselves and other persons similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>AutoZone Inc., a Tennessee corporation; AutoZone Inc., a Nevada corporation; AutoZoners LLC,<br><br>      Defendants. | No. CV-10-8125-PCT-FJM<br><br>**ORDER** |

Before the court is plaintiffs' motion to confirm collective certification (doc. 312), defendants' response (doc. 317), and plaintiffs' reply (doc. 318).

**I.**

On May 24, 2011, we conditionally certified a class of current and former AutoZone Store Managers whom AutoZone classifies as exempt from the overtime pay requirement under the executive exemption of the Fair Labor Standards Act, 29 U.S.C. § 213(a)(1) (doc. 67). We also granted summary judgment in favor of AutoZone, concluding that it had established that the Store Manager position meets each element of the FLSA executive exemption. See 29 C.F.R. § 541.100(a); (doc. 278). On appeal, the United States Court of

1 Appeals for the Ninth Circuit reversed and remanded for trial, concluding that "conflicting
2 evidence" prevents disposition of Plaintiffs' FLSA claims as a matter of law. Plaintiffs now
3 move to confirm certification of the plaintiffs' claims as a collective action.

## II.

5       The Fair Labor Standards Act ("FLSA") requires that employers pay their employees
6 time and a half for hours worked in excess of forty hours per week, unless the employees fall
7 into one of the statutory exemptions. 29 U.S.C. § 207(a)(1). Exempt employees include
8 "any employee employed in a bona fide executive . . . capacity." Id. § 213(a)(1). The FLSA
9 authorizes collective actions against an employer "by any one or more employees for and in
10 behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).
11 A collective action allows for the "efficient resolution in one proceeding of common issues
12 of law and fact arising from the same alleged activity." Hoffmann-LaRoche, Inc. v. Sperling,
13 493 U.S. 165, 170, 110 S. Ct. 482, 486 (1989).

14       Applying a two-tiered approach, we have already conditionally certified a class of
15 Store Managers and notice was given (doc. 67 as amended by doc. 87). Subsequently, 1,476
16 current or former AutoZone Store Managers opted into this action under 29 U.S.C. § 216(b).
17 At step two–the decertification stage–we apply a more rigorous analysis, with the benefit of
18 a more fully developed record, to determine whether the plaintiffs are "similarly situated"
19 to justify proceeding as a collective action. Plaintiffs must "provide substantial evidence to
20 demonstrate" that they are "similarly situated" to the individuals whom they intend to
21 represent. Reed v. County of Orange, 266 F.R.D. 446, 449 (C.D. Cal. 2010); Anderson v.
22 Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007).

23       Similar does not mean identical. Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th
24 Cir. 1996). "The FLSA does not require class members to hold identical positions." Morgan
25 v. Family Dollar Stores, Inc., 551 F.3d 1233, 1261-62 (11th Cir. 2008). Instead, a named
26 plaintiff may show that putative plaintiffs are similarly situated when their claims are
27 "unified by common theories of defendants' statutory violation, even if the proofs of these
28 theories are inevitably individualized and distinct." O'Brien v. Ed Donnelly Enters., 575

1  F.3d 567, 585 (6th Cir. 2009).

2  Although the "similarly situated" requirement is more stringent at the second stage, it remains less stringent than the requirement that common questions predominate in certifying class actions under Rule 23, Fed. R. Civ. P. "All that need be shown . . . is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." Hutton v. Bank of America, 2007 WL 5307976, at * 1 (D. Ariz. Mar. 31, 2007); O'Brien, 575 F.3d at 585 (Plaintiffs are similarly situated when "they suffer from a single, FLSA-violating policy, and when proof of that policy . . . proves a violation as to all the plaintiffs."). On the other hand, "where there appears to be substantially different employment experiences among the various [claimants], the procedural advantages of a collective action cannot be realized." Hernandez v. United Auto Credit Corp., 2010 WL 1337702, *5 (N.D. Cal. April 2, 2010).

**III.**

In determining whether plaintiffs are "similarly situated," we consider factors such as (1) disparate factual and employment settings of the individual plaintiffs; (2) whether defendants' various defenses will require individual proof; and (3) fairness and procedural considerations. Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 467 (N.D. Cal. 2004). Ultimately, the issue is whether plaintiffs are similarly situated such that the key elements of the FLSA claim can be addressed through representational proof.

The executive exemption applies to an employee (1) who is compensated on a salary basis of not less than $455 per week; (2) whose primary duty is management; (3) who "customarily and regularly directs the work of two or more other employees"; and (4) who "has the authority to hire or fire other employees or whose suggestions and recommendations . . . are given particular weight." 29 C.F.R. § 541.100(a). The primary duty analysis is based on the totality of the circumstances, "with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a).

AutoZone argues that the propriety of the Store Managers' exempt executive

1  classification hinges on the "intensely factual nature" of their individual job duties, which
2  would require individualized scrutiny, resulting in hundreds of mini-trials, and that without
3  this individualized scrutiny, it will be deprived of its ability to present legitimate defenses
4  to the asserted claims.  We disagree.

**A.  Disparate Factual and Employment Settings of the Individual Class Members**

When comparing the factual and employment settings of class members as part of a similarly situated inquiry, we consider factors such as whether plaintiffs had differing job titles or duties, worked in different geographic locations, worked under different supervisors, or allege different types of violative conduct.  Reed, 266 F.R.D. at 450.

AutoZone's nationwide stores are operated in a highly standardized manner.  The country is divided into geographical divisions, regions, and districts, with each district containing between 8 and 10 stores, with an average of 8 to 11 employees in each store.  Each region has a Regional Manager, and each district has a District Manager who directly supervises the Store Manager in each of the stores within a district.

AutoZone admits that it does not classify Store Managers based on individual performance, but instead classifies every Store Manager as exempt under the executive exemption.[1]  AutoZone's own documents treat the Store Manager position, company-wide, as a singular job category with consistent essential features.  Though not dispositive, this common classification supports a conclusion that class members are similarly situated.  "[C]ourts have long found that comprehensive uniform policies detailing the job duties and responsibilities of employees carry great weight for certification purposes."  In re Wells Fargo Home Mortg. Overtime Pay Litig., 571 F.3d 953, 958 (9th Cir. 2009) (applying the more rigorous Fed. R. Civ. P. 23(b)(3) analysis).

Every Store Manager has the same job title and same job description.  Each Store

---

[1] AutoZone does not classify California Store Managers as exempt and therefore these Managers are not included in the conditionally certified class.

- 4 -

1  Manager receives a base salary and no paid overtime regardless of hours worked. Each is
2  subject to the same corporate labor model that capitalizes on Store Manager's exempt status
3  by transferring non-managerial duties to Store Managers to perform during unpaid overtime
4  hours.

5  Store Managers are also alike in that all hiring and firing authority rests with the
6  District and Regional Managers, and not the Store Managers. Initial job applications are
7  processed by a computerized eHire system. A Store Manager follows a preset script in
8  interviewing a prospective employee, filing out a checklist, and submitting the form to the
9  District Manager who then evaluates and hires candidates. (Doc. 265 ¶¶ 15(d), 18, 21). All
10 Store Managers are similar in their inability to authorize raises or promotions, to close stores
11 in emergencies, or to make any decisions concerning pricing or inventory. (Doc. 265 ¶
12 13(j)). A computerized store management system allows District Managers to closely
13 monitor store sales, set individual employee's schedules, and generate task lists. (Doc. 265
14 ¶¶ 6(c)(e), 13(f)-(g)).

15 Plaintiffs' legal claims—that defendants violated the FLSA by improperly classifying
16 all Store Managers as exempt "executives" even though their primary duty was not serving
17 as an executive—are substantially similar for all Plaintiffs. Representational proof may
18 establish among other things (1) AutoZone's universal classification of Store Managers with
19 the same job duties; (2) the average amount of time Store Managers spend on managerial
20 versus non-managerial duties; (3) restrictions on Store Manager's authority to manage stores;
21 (4) the amount of supervision of Store Managers by District Managers; and (5) Store
22 Managers' limited authority to give pay raises or promotions, or to close stores in
23 emergencies, or choose vendors.

24 The uniformity results in large part from AutoZone's companywide policies
25 concerning job descriptions and job duties, as well as the standardization, automation, and
26 centralized tracking and control of their day-to-day activities. A Store Manager's
27 employment experience is therefore substantially similar regardless of geographical location.
28 Based on testimony of several individual Store Managers, AutoZone contends that too

- 5 -

many disparities exist between class members' actual employment experiences to permit a finding that Store Managers are universally misclassified. For example, AutoZone cites to two Store Managers who testified that they do not believe that they were "in charge" of their stores. However, an individual Store Manager's own estimation of his primary duties, or whether he believed he was "in charge" of the store, is not dispositive of his primary duties as a Store Manager. AutoZone's focus on an individualized analysis ignores the FLSA's "major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a).

Defendants also rely on a survey circulated to the opt-in class members by Plaintiffs' expert, David Lewin, Ph.D., along with an "expert analysis" of the answers received from 1,057 of those solicited. Defendants contend that the survey results illustrate why the plaintiffs' class claim is not amenable to representative proof, and in fact suggest that at least a substantial percentage of the class was properly classified as exempt. But "[j]ust because the inquiry is fact-intensive does not preclude a collective action where plaintiffs share common job traits." Morgan, 551 F.3d at 1263. While some AutoZone Store Managers may report different experiences, there is no evidence that Store Managers' jobs differ in essential character.

It is indisputable that the putative class members share uniform job traits and responsibilities, compensation incentives, training, and evaluation criteria. Slight variations among individual Store Manager's experiences are not enough to preclude a collective action under the FLSA. It will be up to the jury to weigh the evidence to determine whether the essential character of the Store Manager's job is executive or non-executive, but the essential character of the job can be established by representational proof.

**B.     Individualized Defenses**

The second factor we consider on decertification is whether AutoZone asserts defenses that would require individualized proof. Reed, 266 F.R.D. at 460. Defendants contend that, because there are significant differences among the job duties of the putative class members, defenses to the Plaintiffs' claim will require individualized proof. This is essentially the same argument that the class members' job duties differ. Again, the FLSA

1    does not require class members to hold identical positions.  The "major emphasis [is] on the
2    character of the employee's job as a whole." 29 C.F.R. § 541.700(a).
3        We have already concluded that the putative class members are similarly situated with
4    respect to the essential character of their job duties.  Therefore, an individualized assessment
5    of each Store Manager's job duties, and accordingly AutoZone's defenses, is not necessary.

### C. Fairness and Manageability

In evaluating the third factor, we consider the primary objectives of a collective action: (1) to lower plaintiffs' costs through the pooling of resources, and (2) to limit the controversy to one proceeding so as to efficiently resolve common issues of law and fact without prejudice to either party. Reed, 266 F.R.D. at 462.

Here there exists a significant, identifiable factual and legal nexus that binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA. Hutton v. Bank of Am., 2007 WL 5307976, at *1 (D. Ariz. Mar. 31, 2007). All potential plaintiffs were affected identically by defendants' decision to classify the Store Managers as exempt from the overtime pay requirement.  A policy or practice that is common to all potential Plaintiffs is a strong factor in favor of certification.  Moreover, the evidence demonstrates that a Store Manager's primary duties, as well as their authority to hire and fire are substantially similar to each other, such that proceeding as a collective action is both efficient and fair.  Plaintiffs have sufficiently shown a factual nexus between all Store Managers to justify proceeding as a collective action.

### III. CONCLUSION

**IT IS ORDERED GRANTING** Plaintiffs' motion to confirm collective class certification (doc. 312).

DATED this 10th day of November, 2014.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge