**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Taylor; Dilawar Khan; Volena Glover-Hale; Manuel Montoya, on behalf of themselves and other persons similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>AutoZone Inc., a Tennessee corporation; AutoZone Inc., a Nevada corporation; AutoZoners LLC,<br><br>   Defendants. | No. CV-10-8125-PCT-FJM<br><br>**ORDER** |

  We now have before us plaintiffs' Motion to Take Preservation Deposition of Edward Lewis (doc. 320), defendants' response (doc. 324), and plaintiffs' reply (doc. 325). Discovery in this action closed on October 21, 2011. Three years after the close of discovery and on the eve of trial, plaintiffs now move to take a video preservation deposition of Edward Lewis, whose recent deterioration in health might prevent him from traveling to testify at trial.

  We will modify a Rule 16 scheduling order only upon the showing of good cause. Fed. R. Civ. P. 16(b)(4). The diligence of the moving party is the hallmark of good cause. Before the close of discovery, plaintiffs knew that Mr. Lewis, a non-party witness, had

1  Parkinson's Disease and lived in Indiana. Nevertheless, plaintiffs decided, before the close
2  of discovery, not to take his deposition. In doing so, plaintiffs accepted the inherent risk that
3  Mr. Lewis would be unable to testify at trial, either because of his known illness or for any
4  other circumstance that might develop. If he was a critical witness he would have been
5  deposed.

6  Plaintiffs' only effort to establish good cause is their statement that they recently
7  learned that Mr. Lewis was no longer available to testify at trial. However, they make no
8  effort to explain either the nature or significance of Mr. Lewis's testimony, or whether the
9  substance of his expected testimony cannot be elicited from another witness. Nor do
10 plaintiffs offer any suggestion of a less burdensome alternative to an eleventh-hour
11 deposition. Without more, we cannot conclude that plaintiffs acted diligently to preserve Mr.
12 Lewis's testimony. Good cause does not exist to modify our scheduling order three years
13 after the close of discovery and on the eve of trial.

14 **IT IS ORDERED DENYING** plaintiffs' Motion to Take Preservation Deposition of
15 Edward Lewis (doc. 320).

16 DATED this 7th day of January, 2015.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge