**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Taylor et al, ) | No. CV 10-8125-PHX-FJM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| AutoZone Inc. et al, ) | |
| ) | |
| Defendants, ) | |
| ) | |

On the morning of the first day of trial, the court was presented with a "Notice of Settlement" (doc. 357), a "Stipulation for Decertification of Collective Action and Dismissal of Opt-In Plaintiffs without Prejudice" (doc. 358), and a "Stipulation for Dismissal of the Named Plaintiffs with Prejudice." (Doc. 359). We held a comprehensive hearing to discuss the issues arising from such a late development. Although this is not a class action with judicial responsibility to approve settlements under Rule 23(e), Fed. R. Civ. P., (notice to class members, fairness hearing, identification of agreement), it is, nevertheless, an opt-in case under 29 U.S.C. § 216(b), the Fair Labor Standards Act. We have certified it at least four times (docs. 67, 87, 319, and 355). There is authority for the proposition that the court has some role in approving settlements in actions brought under §216(b). *See, e.g., Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

For that reason we engaged counsel in extensive questioning, all of which is a matter of record. We were particularly concerned with the opt-in plaintiffs. The settlement calls for

their dismissal without prejudice, but with no share of the settlement amount, because plaintiffs' counsel feared decertification for their failure to have been prepared to present evidence of damages for the opt-in plaintiffs. We wanted to be sure the dismissal without prejudice was not a de facto dismissal with prejudice caused by an expiration of the relevant statute of limitations. To satisfy our concerns, the parties entered into a tolling agreement so that no opt-in plaintiff would be disadvantaged by the dismissal from a statute of limitations perspective.

Counsel for opt-in plaintiffs have a fiduciary duty to the opt-ins coextensive with that of the named plaintiffs. That is the price of certification. We thus required the core of the settlement to be placed upon the record. Defendants shall pay named plaintiffs $455,000.00 for unpaid overtime, liquidated damages and attorneys fees, allocated as follows: $369,000.00 shall be paid to cover the expenses of litigation advanced (presumably things like expert witness fees and the like) and the balance of $86,000.00 to be paid directly to the named plaintiffs, which counsel represents to constitute 90% of their non-wilful damages claims. Other than recovery of costs advanced, counsel for plaintiffs will not be paid a fee out of the settlement or by the plaintiffs.

Counsel for plaintiffs have an obligation to give notice to the dismissed opt-ins of their settlement, the reasons supporting it, options available to pursue, if they choose to, their dismissed claims and the deadlines in which to do it.

Given the failure of the named plaintiffs and plaintiffs' counsel to be prepared to present evidence in support of the opt-in plaintiffs' claims, it is not unreasonable to decertify the class under §216(b). This, along with a dismissal without prejudice and the tolling agreement will at least not compromise the opt-ins' claims, even though they will gain nothing from this settlement.

Given the circumstances of this case, including the inability or unwillingness of named plaintiffs and plaintiffs' counsel to go forward on behalf of the opt-ins, the reasonableness of the award to the named plaintiffs, the absence of attorneys fees per se to plaintiffs' counsel, the protection of the opt-in plaintiffs' claims, should they choose to pursue them,

- 2 -

by the dismissal without prejudice and the tolling agreement, and other factors of record, we conclude that the proposed disposition, while not optimal, is not unreasonable and not unfair. Accordingly, pursuant to the parties' Stipulations, it is ORDERED:

1. Decertifying this as a representative action under §216(b);

2. Dismissing this action with prejudice as to the named plaintiffs ( Taylor, Khan, Glover-Hale and Montoya), each party to bear its own fees and costs; and,

3. Dismissing this action without prejudice as to all of the opt-in plaintiffs (whose consents have been filed), each party to bear its own fees and costs.

4. Pursuant to LR Civ 40.2(c), the named plaintiffs and the defendants shall pay, in equal shares, to the clerk of court one day's jury fees for their failure to give notice of their settlement five days before the first day of trial.

The clerk is directed to enter final judgment concluding this action pursuant to this order.

DATED this 20th day of January, 2015.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge